**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
                                   )

     v.                      )      I.D. No. 1302011427

                                    )

ANDRE T. DUBOSE,       )

                                   )

   Defendant.          )

## ORDER SUMMARILY DISMISSING DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF

This 11th day of May, 2022, upon consideration of the Motion for Postconviction Relief (the "Rule 61 Motion") filed by Defendant Andre T. Dubose on or about March 14, 2022; Superior Court Criminal Rule 61 ("Criminal Rule 61"); the facts and legal authorities set forth in the Rule 61 Motion; and the entire record in this case:

### I.     BACKGROUND

1.     On April 8, 2014, prior to trial, Mr. Dubose's counsel moved to withdraw as counsel. At that time, the Court engaged in a colloquy with Mr. Dubose as to whether he wanted to represent himself. The Rule 61 Motion sets out that colloquy. The Court granted the motion to withdraw.[1]

2.     Subsequently, the Court specially assigned Mr. Dubose's case to this judicial officer.

---

[1] D.I. No. 45.

3.    On May 9, 2014, the Court held a status conference on this case.[2]  At the status conference, the Court engaged in another colloquy with Mr. Dubose to determine whether his waiver of the right to counsel was knowing, voluntary and intelligent.[3]

4.    During the colloquy, Mr. Dubose represented to the Court that he felt competent to represent himself.[4]  The Court provided Mr. Dubose with a copy of the Criminal Rules of Procedure and the Rules of Evidence.[5]  The Court explained that the charges were serious charges and carried minimum mandatory time.  The Court explained that Mr. Dubose would be up against a law-trained prosecutor, a good law-trained prosecutor, who knew the Rules of Evidence and the Rules of Procedures and had picked juries before. The Court explained to Mr. Dubose the jury selection process and how criminal trials proceed.  The Court also discussed trial protocol.[6]

5.    The Court explained to Mr. Dubose what the burden of proof was, how testimony and evidence is to be presented at trial, how witnesses are examined and cross-examined, how objections are made, and the types of objections that are commonly made.[7]  The Court addressed the lack of possible defenses to the charges and potential mitigating circumstances.[8]  The Court, the State and Mr. Dubose discussed the discovery already provided to Mr. Dubose and the additional discovery that was to be provided.[9]

6.    Mr. Dubose stated to the Court that he would follow the Rules of Evidence and the Rules of Criminal Procedure.[10]  Mr. Dubose expressly represented to the Court that he

---

[2] D.I. No. 49.
[3] Hrg. Tr. at 23-66, May 9, 2014
[4] *Id*. at 23.
[5] *Id*. at 24, 55-57.
[6] *Id*. at 24-35 and 44-66.
[7] *Id*.
[8] *Id*. at 38-40.
[9] *Id*. at 59-66.
[10] *Id*. at 35-36.

realized he may be hampered in presenting his best defense by his lack of knowledge of the law, and by the fact that he doesn't know all the nuances of the law, and because he is not law trained.[11]

7. Mr. Dubose stated that he understood that the effectiveness of his defense may be diminished by his dual rule as both an attorney and as the accused. Mr. Dubose represented that he understood the nature of the charges made against him and the range of allowable punishments under each of those charges.[12]

8. Mr. Dubose provided that his trial counsel had discussed the State's offered plea agreement with him, went over all the charges, and discussed the possible sentences if convicted of the charges.[13] The offered plea agreement specially provided that the State would seek sentencing as a habitual offender, pursuant to 11 *Del.C.* § 4214(a), given Mr. Dubose's previous convictions. Mr. Dubose also represented that he understood the statutory offenses included within the charges.[14]

9. Mr. Dubose represented himself at trial. On July 1, 2014, a jury found Mr. Dubose guilty of three counts of Burglary Second Degree, two counts of Possession of a Firearm by a Person Prohibited, one count of Possession of Ammunition by a Person Prohibited, three counts of Conspiracy Second Degree, three counts of criminal mischief, two counts of theft of a firearm, two counts of theft, and one count of Possession of Burglar's Tools or Instruments Facilitating Theft. The Court sentenced Mr. Dubose on October 3, 2014.

10. Mr. Dubose did not directly appeal his convictions.

---

[11] *Id.*
[12] *Id.* at 36-37.
[13] *Id.* at 37-38.
[14] *Id.* at 36-37.

11. On or about June 24, 2015, Mr. Dubose did file a motion (the "Initial Motion") under Criminal Rule 61. In the Initial Motion, Mr. Dubose made two claims. First, Mr. Dubose argued that his waiver of his right to counsel was uninformed. Second, Mr. Dubose contended that he did not knowingly waive his right to counsel on direct appeal. The Court referred the matter to a Commissioner.

12. On November 4, 2015, the Commissioner issue a report recommending that the Court (i) deny Mr. Dubose's claim as to waiver of trial counsel and (ii) grant Mr. Dubose's claim as to waiver of appellate counsel.[15] The Commissioner recommended that the Court vacate Mr. Dubose's sentence and then re-sentence him so that Mr. Dubose could appeal his sentence with the assistance of counsel.[16] The Court adopted the Commissioner's report and recommendations. The Court vacated the original sentence. The Court then re-sentenced Mr. Dubose on February 18, 2016. Mr. Dubose did not appeal the Court's decision or the re-sentencing.

## II. THE MOTION

13. March 14, 2022, Mr. Dubose, acting *pro se*, filed the Rule 61 Motion. In the Rule 61 Motion, Mr. Dubose raises one argument. Mr. Dubose contends that the Court failed to afford him a competency hearing prior to allowing him to waive his right to trial counsel. Mr. Dubose contends he was incompetent to proceed *pro se* at trial. In support, Mr. Dubose relies on his answers to questions from the Court on April 8, 2014.

14. In making this argument, Mr. Dubose makes no mention of the Court's lengthy colloquy on May 9, 2014. In addition, Mr. Dubose does not acknowledge that he made a similar claim in his Initial Motion.

---

[15] *State v. Dubose*, 2015 WL 6769154 (Del. Super. Nov. 4, 2015).
[16] Id., 2015 WL 6769154, at *5-6.

## III.    DISCUSSION

15.    Criminal Rule 61 governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Criminal Rule 61.[17]

16.    Rule 61 establishes four procedural bars to postconviction relief.[18] Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[19] Under Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[20] Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."[21] Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[22]

17.    The procedural bars contained in Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the applicable subsection of Rule 61.[23] Absent such relief, Rule 61(i)(5) provides additional reprieve from the procedural bars described in Rule 61(i)(1-4).[24] Under Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the

---

[17] *See Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[18] Super. Ct. Crim. R. 61(i)(1)-(4).
[19] Super. Ct. Crim. R. 61(i)(1).
[20] Super. Ct. Crim. R. 61(i)(2).
[21] Super. Ct. Crim. R. 61(i)(3).
[22] Super. Ct. Crim. R. 61(i)(4).
[23] *State v. MacDonald,* No. 90010077, 2007 WL 1378332, at *4 (Del. Super. May 9, 2007).
[24] *Id.*

pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[25] The subparts in Rule 61(d)(2) require a movant:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[26]

18. The Rule 61 Motion is procedurally barred by Rule 61(i)(1) as untimely. Mr. Dubose filed the Rule 61 Motion more than six years after his final judgment of conviction. In addition, Rule 61(i)(2) bars Mr. Dubose's motion because this is his second motion for postconviction Relief. Rule 61(i)(4) also acts as a bar because Mr. Dubose raised a substantially similar argument in the Initial Motion.

19. Criminal Rule 61(i)(5) allows the Court to review an otherwise procedurally barred claim. However, Mr. Dubose still must satisfy the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Criminal Rule 61, *i.e.*, that new evidence exists that creates a strong inference of actual innocence, or a new rule of constitutional law applies to Mr. Dubose's case that renders his conviction invalid. Mr. Dubose does not satisfy these pleading requirements.

20. Instead, Mr. Dubose contends that he is entitled to relief because his answers to questions on April 8, 2014 should have lead a "reasonable person to believe [Mr. Dubose] was suffering from delusional beliefs and would have shown an incapability to properly understand the criminal proceeding he faced at trial." Mr. Dubose, however, makes no reference to the

---

[25] Super. Ct. Crim. R. 61(i)(5).
[26] Super. Ct. Crim. R. 61(d)(2).

subsequent colloquy on May 9, 2014. In that colloquy, the Court again addressed Mr. Dubose's request to represent himself, the consequences of such a representation, and how the trial would proceed. At the conclusion of that colloquy, the Court allowed Mr. Dubose to represent himself at trial.

21. Mr. Dubose has provided no new evidence that creates a strong inference of his actual innocence. Moreover, the Court notes that Mr. Dubose does not rely on any new rule of constitutional law that would invalidate his conviction. The Rule 61 Motion is procedurally barred, and Criminal Rule 61(i)(5) does not apply.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Mr. Dubose's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED**.

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     Original to Prothonotary:
        Andre T. Dubose (SBI #00383649)

7